**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aloe Vera of America, Inc., et al., | No. CV-99-01794-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

Pending before the Court is Defendant's Motion for Partial Summary Judgment (Doc. 598). The Court now rules on the motion.

**I.      Background**

The Court will recount only the essential facts and procedural history, having previously summarized this case in its earlier orders. *See Aloe Vera of Am., Inc. v. United States*, 730 F. Supp. 2d 1020, 1022-23 (D. Ariz. 2010). This case arises out of disclosures made by the Internal Revenue Service ("IRS") to the Japanese National Tax Administration ("NTA") concerning Plaintiffs' income tax returns and liabilities. (Doc. 600 at 1-2). After these disclosures and an NTA investigation into Plaintiffs' tax liabilities, the Japanese media reported that Plaintiffs had failed to report income to tax authorities. (Doc. 611 at 7-8). Plaintiffs argued the disclosures were unauthorized in violation of federal law, and sought damages from Defendants on two counts. (Doc. 405). In Count I, Plaintiffs claimed Defendant made two false statements to the NTA: one concerning unreported income (the "Unreported Income False Statement") as well as a

statement concerning the relationship between the cost of product sold versus commissions (the "Commission vs. Price Statement").[1] (Doc. 526 at 3).

The Court dismissed some of Count I's claims for lack of jurisdiction and granted summary judgment in favor of Defendant on the remaining claims. *Aloe Vera*, 730 F. Supp. 2d at 1035. The Ninth Circuit reversed, finding subject-matter jurisdiction and a genuine issue of material fact on Count I of the Plaintiff's Third Amended Complaint. *See Aloe Vera of Am., Inc. v. United States*, 699 F.3d 1153, 1166 (9th Cir. 2012). Defendant now moves for partial summary judgment. (Doc. 598).

## II.  Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support that assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits, or declarations, stipulations . . . admissions, interrogatory answers, or other materials," or by "showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Id.* 56(c)(1)(A), (B). Thus, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Initially, the movant bears the burden of pointing out to the Court the basis for the motion and the elements of the causes of action upon which the non-movant will be unable to establish a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-movant to establish the existence of material fact. *Id.* The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" by "com[ing] forward with 'specific facts showing that there is a *genuine* issue for trial.'"

---

[1] Plaintiffs' Count II claims are not at issue.

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed.R.Civ.P. 56(e) (1963) (amended 2010)). A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-movant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Id.* at 247–48. However, in the summary judgment context, the Court construes all disputed facts in the light most favorable to the non-moving party. *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004).

## III. Standing

Defendant moves to dismiss Plaintiffs Gene Yamagata; Yamagata Holdings, Inc. ("YHI"); and Maughan Holdings, Inc. ("MHI") (collectively, the "Non-Examined Parties") as parties because the Defendant's disclosures did not contain their tax return information and therefore they lack standing under 26 U.S.C. § 7431. (Doc. 598 at 2). Defendant raised this argument in a prior motion for summary judgment, (Doc. 485 at 35), and the Court found the argument moot in light of its dismissal of both counts on other grounds. (Doc. 526 at 13). Because the Ninth Circuit reversed (in part) that dismissal, it is now appropriate for the Court to consider Defendant's standing argument.

### A. Legal Standard

Standing requires both that a plaintiff satisfy the standing requirements of Article III as well as the "non-constitutional standing requirements of the statute under which he or she seeks to bring suit." *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1199 (9th Cir. 2004). The latter is a "purely statutory inquiry" and "does not go to . . . subject matter jurisdiction." *Id.*; *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 97 (1998) (statutory standing bears no relationship to Article III's case or controversy requirement). Rather, statutory standing is an element of a claim relating to its merits. *See Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 978-79 (9th Cir. 2012) (citing *Vaughn v. Bay Envtl. Mgmt., Inc.*, 567 F.3d 1021, 1024 (9th Cir. 2008)). Accordingly, the plaintiff bears the burden of proof. *See In re Miller*, 666 F.3d 1255, 1261 n.4 (10th Cir.

2012).

If the issue of statutory standing is intertwined with an issue on the merits such that standing "turns on the merits of the action itself," then a court should refrain from deciding the standing issue prior to deciding the issues on the merits. *Alliance for Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 87 (2d Cir. 2006) (citation omitted) ("[A] statutory standing issue may not be decided first in those cases where the statutory standing issue is essentially the same as a merits issue.").

The statute at issue, 26 U.S.C. § 7431(a)(1), authorizes a taxpayer to sue for a violation of tax return confidentiality: "If any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages . . . ." Section 6103 broadly defines return information, which includes:

> a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for *any* tax, penalty, interest, fine, forfeiture, or other imposition, or offense[.]

26 U.S.C. § 6103(b)(2).

"Taxpayer information obtained or prepared by the IRS . . . is 'return information' regardless of the person with respect to whom it was obtained or prepared." *Aloe Vera*, 699 F.3d at 1156 (quoting *Mallas v. United States*, 993 F.2d 1111, 1118 (4th Cir. 1993)). In *Mallas*, the Fourth Circuit concluded IRS reports sent to the appellants' investors incorrectly describing their tax shelter scheme as illegal constituted disclosure of the appellants' "return information" because it was "prepared by the IRS with respect to the returns or tax liabilities of the investors." 993 F.2d at 1114-15, 1118.

- 4 -

**B.     Analysis**

Defendant contends the Non-Examined Parties have no standing to sue under 26 U.S.C. § 7431(a) because the alleged false statements did not contain their return information. (Doc. 598 at 8-9). As a threshold issue, the Court must first address Plaintiffs' argument that the Ninth Circuit has already determined the Non-Examined Parties to have standing and this determination is binding upon the Court. The Ninth Circuit held that Yamagata and YHI established subject-matter jurisdiction over Count I. *Aloe Vera*, 699 F.3d at 1161. Plaintiffs argue this determination necessarily implied a finding of standing that the Court must follow under the law of the case doctrine. (Doc. 608 at 8).

Plaintiffs confuse constitutional standing with the standing that 26 U.S.C. § 7431 requires. Although Plaintiffs are correct that subject-matter jurisdiction requires "standing," *see White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000), the Article III standing required for jurisdiction is not coextensive with statutory standing. *See Steel Co.*, 523 U.S. at 97. Both of the Ninth Circuit's rulings addressed only whether the statute of limitations defeated subject-matter jurisdiction. *See Aloe Vera*, 699 F.3d at 1157 (summarizing procedural history). The Ninth Circuit has not ruled on whether the Non-Examined Parties have statutory standing.

But although the Ninth Circuit has not explicitly addressed the issue of statutory standing, its mandate forecloses the Court from granting partial summary judgment in favor of Defendant. With regard to the Unreported Income False Statement, the Ninth Circuit held:

> There is support in the record for Taxpayers' assertion that the IRS knew that Taxpayers had correctly reported the supposedly unreported $32 million in commissions and royalties. Thus, there is a genuine issue of material fact as to whether the government *knowingly disclosed false information*, and summary judgment was not appropriate on this issue.

*Aloe Vera*, 699 F.3d at 1164-65 (emphasis added). Similarly, the Ninth Circuit concluded the Commission vs. Price Statement, if true, "implied that Taxpayers had unreported

1 income" and Plaintiffs' evidence was sufficient to raise a genuine issue of material fact. *Id.* at 1165. The Ninth Circuit's statements did not distinguish among Plaintiffs. *See id.* at 1157 (collectively defining the term "Taxpayers" and "Aloe Vera" as all Plaintiffs, including the Non-Examined Parties).

"[D]istrict courts are not free to decide issues on remand that were previously decided either expressly or by necessary implication on appeal." *Mirchandani v. United States*, 836 F.2d 1223, 1225 (9th Cir. 1988) (citing *Liberty Mutual Ins. Co. v. Equal Emp't Opportunity Comm'n*, 691 F.2d 438, 441 (9th Cir. 1982)). Under the circumstances, this admonishment is particularly significant because the Ninth Circuit reversed the Court's prior grant of summary judgment on Count I. The Court interprets the Ninth Circuit's opinion as holding that all Plaintiffs, necessarily including the Non-Examined Parties, have established a genuine issue of material fact regarding the merits of both statements at issue in Count I. The Court is not free to reconsider the Ninth Circuit's ruling despite Defendant's invitation to do so.[2] (Doc. 615 at 2). Accordingly, the Court must deny Defendant's motion for partial summary judgment on standing.[3]

**IV.   Causation/Damages**

Defendant additionally moves for judgment against Plaintiffs on their claims for actual and punitive damages because they failed to prove that the alleged disclosures caused actual damages (Doc. 598 at 2). The Court's August 30, 2006 Order stated that "**The Court will not entertain any dispositive motions on damages**" and permitted the parties to seek judgment as a matter of law on damages issues only at trial (Doc. 486 at 2 & n.1).

Defendant characterizes its motion as relating to damages but not as a dispositive

---

[2] Moreover, it would be inappropriate for the Court to consider the issue of standing prior to a determination on the merits because the two are intertwined. *See Alliance for Envtl. Renewal*, 436 F.3d at 87. Standing under 26 U.S.C. § 7431(a)(1) is merely a subset of the elements of a claim under § 7431(a)(1).

[3] In light of the Court's holding, the Court need not consider Defendant's arguments that the Non-Examined Parties' return information was not disclosed (Doc. 598 at 8-10) nor Plaintiffs' response. (Doc. 608 at 12-15).

- 6 -

1  motion because it "does not seek to resolve all matters relating to damages." (Doc. 623 at
2  10). But because Defendant seeks to dispose of Plaintiffs' claims for actual and punitive
3  damages under 26 U.S.C. § 7431(c)(1)(B), the Court finds Defendant's motion is a
4  dispositive motion on damages. Accordingly, the Court will deny the motion.[4]

**V.  Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment (Doc. 598) is denied.

Dated this 17th day of December, 2013.

James A. Teilborg
Senior United States District Judge

---

[4] The Court previously asked Plaintiffs to characterize the motion as either relating to damages or causation. (Doc. 618 at 3 n.1). Were this a dispositive motion on causation, the result would be the same because a motion on causation would be untimely. *See* (Doc. 425 at 2) (setting an August 25, 2006 deadline for dispositive motions on liability).

- 7 -