**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aloe Vera of America Inc., et al., | No. CV-99-01794-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

At the final pretrial conference held on June 25, 2014, the United States raised objections to certain of Plaintiffs' lay witnesses listed in the proposed final pretrial order. Specifically, the United States objected to certain proposed topics of testimony for six of Plaintiffs' witnesses on the grounds that the subjects of their testimony had not been timely disclosed: Arimoto, Ishida, Kobuna, Taniuchi, Mukaitani, and Fujikawa. Although Plaintiffs correctly classify the United States' objection as an oral motion in limine disallowed by this Court's prior order (Doc. 634 at 2), motions in limine can be particularly useful in determining the admissibility of a witness' testimony, and the Court makes a one-time exception to its prior order for the limited purpose of ruling on the admissibility of these witnesses' testimony.[1]

The Court has considered the Plaintiffs' memorandum filed in response to the United States' objections (Doc. 659) as well as the United States' responsive memorandum (Doc. 660), and rules as follows.

---

[1] The parties should **not** construe this Order as an invitation to file motions in limine in violation of the Court's prior order. Such filings may result in sanctions.

**I.  Background**

The United States originally objected to five topics of testimony by the lay witnesses, numbered 2, 4, 6, 7, and 8 and corresponding with the subjects of testimony numbered as such in the parties' proposed final pretrial order. Plaintiffs have since withdrawn topic 8 as a subject of testimony by the lay witnesses. (Doc. 660 at 2). The remaining topics, 2, 4, 6, and 7, are: "(2) information communicated to [the witness] by Rick Toma or any other FLPJ employee regarding the TRTB audit of FLPJ prior to the October 1997 media reports; . . . (4) [the witness's] knowledge of the information in the October 1997 media reports; . . . (6) was the witness the source of any of the media reports or was [the witness] aware of anyone in the company who was the source of the media reports; and . . . (7) [the witness's] lay opinion regarding the source of the media articles and the meaning in Japanese society of the word "kankeisha" in a media story regarding tax issues based on [the witness's] personal observation, prior experience, giving the basis for [the witness's] belief and the societal context for [the witness's] belief." (Doc. 656 at 103-06). *See also* (Doc. 669 at 102-05) (final pretrial order as adopted by the Court).

**II.  Legal Standard**

    **A.  Rule 26(a)**

Federal Rule of Civil Procedure ("Rule") 26(a)(1)(A)(i) requires a party to disclose not only the identities of witnesses who are "likely to have discoverable information" but also the "subjects of that information." A party must supplement its disclosures in a timely manner "if the party learns that in some material respect the disclosure or response is incomplete or correct, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

    **B.  Untimely Disclosure**

When a party fails to make a timely disclosure required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a

hearing, or at a trial" unless it proves that its failure was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Torres v. Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008).

The Ninth Circuit Court of Appeals ("Court of Appeals") has enumerated four factors in determining "whether a violation of a discovery deadline is justified or harmless: . . . (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)).

If a court concludes that a discovery deadline violation is not substantially justified or harmless, it has "particularly wide latitude" in its discretion to "issue sanctions under Rule 37(c)(1)." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Rule 37(c) is intended to provide a "self-executing," "automatic sanction provid[ing] a strong inducement for disclosure of material," Fed. R. Civ. P. 37 advisory committee's note (1993). Thus, the rule provides for the automatic exclusion of the testimony of an untimely disclosed expert witness. *See* Fed. R. Civ. P. 37(c)(1); *Yeti by Molly*, 259 F.3d at 1106 (citing *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 35 (1st Cir. 2001)).

**III.   Witnesses**

    **A.   Arimoto**

Plaintiffs have withdrawn Mr. Arimoto as a proposed witness and he is not listed in the parties' amended proposed final pretrial order. Accordingly, the United States' objections to his testimony are moot.

    **B.   Ishida**

The United States initially objected to Mr. Ishida's testimony in topics 2, 4, 6, and 7. *See* (Doc. 660 at 1-2). Following Plaintiffs' memorandum to which Plaintiffs attached a copy of a disclosure statement that disclosed subjects of Mr. Ishida's testimony, the

1  United States has withdrawn its objection to topic 7. (*Id.* at 2). The Court finds that
2  Plaintiffs properly disclosed topics 4 and 6 with respect to Mr. Ishida, but not topic 2. In
3  Plaintiffs' May 4, 2006 disclosure statement, Plaintiffs identified Mr. Ishida as a witness
4  and listed his opinion testimony as being based upon "knowledge of the contents of the
5  Publications and lack of pre-publication knowledge among FLP Japan employees
6  regarding the contents of the Publications." (Doc. 659-1 at 27). This adequately disclosed
7  to the United States that Mr. Ishida would testify as to topic 4, "his knowledge of the
8  information in the October 1997 media reports." (Doc. 656 at 103). With respect to topic
9  6, the disclosure statement stated that "[i]t is the further opinion of the witness that no
10 employees or officers of FLP Japan were the source of the leaked information concerning
11 the alleged tax fraud, alleged violation of Japanese law, assessments, audits, a joint
12 U.S./Japan examination, penalties and other information." (Doc. 659-1 at 27). This
13 adequately disclosed to the United States that Mr. Ishida would testify as to topic 6,
14 whether he was the source of the media reports or was aware of anyone in the company
15 being the source of the media reports.

16 The Court has read all of the documents attached to Plaintiffs' memorandum and
17 has not identified any timely disclosures that contain information pertaining to topic 2.
18 The only potential document implicating topic 2 is an affidavit of Mr. Ishida submitted in
19 opposition to the United States' motion for summary judgment. This affidavit, filed on
20 October 24, 2006, includes a statement that Mr. Ishida had attended an FLPJ meeting
21 prior to the media reports in which cursory information concerning an audit by the Tokyo
22 Regional Tax Bureau ("TRTB") was disseminated. (Doc. 501-2 at 20).

23 Plaintiffs contend that this affidavit constituted adequate disclosure to the United
24 States that Mr. Ishida would testify at trial to the topics contained within. (Doc. 659 at 4).
25 In support, Plaintiffs rely upon Rule 26(e)(1)(A)'s provision that a formal supplemental
26 disclosure need not be made if "the additional or corrective information has not otherwise
27 been made known to the other parties during the discovery process or in writing." (*Id.*)
28 Plaintiffs contend that because the United States' reply in support of its motion for

- 4 -

1 summary judgment specifically addressed Mr. Ishida's affidavit (as well as others), the
2 United States had notice in writing of the subject of Mr. Ishida's testimony. (Doc. 659 at
3 5). Although the United States indeed specifically referenced Mr. Ishida's affidavit in its
4 reply, *see* (Doc. 514 at 10), this does not rise to the level of supplanting the formal
5 disclosure requirements.

6 Plaintiffs primarily rely upon *Westefer v. Snyder*, 422 F.3d 570 (7th Cir. 2005), in
7 which the Seventh Circuit Court of Appeals held that affidavits produced in response to a
8 motion for summary judgment constituted adequate disclosure such that formal
9 amendment of the non-movant's answers to interrogatories was not required. In that case,
10 the defendant had been slow to produce documents which it eventually attached to its
11 motion for summary judgment. 422 F.3d at 582. In responding to the motion for
12 summary judgment, the plaintiffs, who were inmates alleging they had been transferred to
13 a particular prison for unlawful reasons, submitted affidavits in which they avowed that
14 the documents produced by the defendants had been falsified. *Id.* Because the documents
15 were the plaintiffs' prison transfer records, the allegation that the records were falsified
16 constituted a new theory in the case. *See id.* at 582-83. The defendants moved for Rule 37
17 sanctions on the grounds that this theory had not been properly disclosed. *Id.* at 582. The
18 court concluded that Rule 26's "or otherwise" clause rendered the plaintiff's response to
19 the defendant's summary judgment motion a valid disclosure that placed defendants "on
20 written notice that the prisoners challenged the placement forms' veracity." *Id.* at 584.

21 In *Westefer*, however, the court explicitly relied upon the defendant's delay in
22 producing the documents to conclude that "[t]here was no unfair surprise in the prisoners'
23 failure to amend their interrogatories." *Id.* The Court is not persuaded that the Ninth
24 Circuit Court of Appeals would reach the same conclusion in the present case. In
25 *Westefer*, it was clear from the plaintiffs' affidavits that the plaintiffs were asserting a
26 new theory in the case. In the present case, although it was clear from Mr. Ishida's
27 affidavit that he had knowledge of information communicated to him concerning the
28 TRTB audit prior to the media reports, it was not clear that he would offer such evidence

at trial. The Court has not found any Ninth Circuit Court of Appeals authority holding that the production of an affidavit in opposition to a motion for summary judgment makes it known to the movant that the non-movant intends to offer the affiant as a witness at trial on all topics contained in that affidavit.

The plain language of Rule 26(e) provides, as Plaintiffs correctly highlight, that supplementation is unnecessary when information has been "otherwise made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). But nothing in this case indicates that the information made known in Mr. Ishida's affidavit was the fact that he would be testifying at trial as to the subject of his affidavit. This is not the case where, like *Westefer*, the information disclosed in writing is apparent as a new theory of the case. Nor was the information disclosed an admission or a previously-undisclosed document relevant to the action, the significance of which is intrinsically apparent.

When in response to a summary judgment motion the non-movant makes an admission, attaches a newly disclosed document, or states a new theory of the case, this information is itself sufficient to notify the movant of this information. But unlike these types of disclosures, statements contained within an affidavit do not intrinsically convey to the reader notice that these particular statements will be the subject of the affiant's testimony at trial. The purpose of the disclosure requirements for witnesses is so the parties may know which of the often-voluminous evidence will be relevant to the trial proceedings. For this, the party offering the witness must inform the other parties in the case that it intends to use this witness to elicit testimony on such a subject. Mr. Ishida's affidavit disclosed his opinions, but it did not disclose that he would testify at trial regarding those opinions.

In arguing that the mere disclosure of Mr. Ishida's affidavit sufficiently notified the United States of his trial testimony, Plaintiffs cite several cases. *McKesson Information Solutions, Inc. v. Bridge Medical, Inc.*, 434 F. Supp. 2d 810, 813 (E.D. Cal. 2007) is unpersuasive because the Court cannot ascertain with specificity the actual

1  extent of disclosure in that case. *See* 434 F. Supp. 2d at 813 (". . . all of the challenged
2  witnesses were identified in documents produced. . ."). *BanxCorp v. Costco Wholesale*
3  *Corp.*, 978 F. Supp. 2d 280, 323 (S.D.N.Y. 2013) is similarly noncontrolling and
4  unpersuasive. There, the party moving to preclude the witnesses had admitted that it had
5  adequate notice of the witnesses but "had no reason to engage in a fishing expedition and
6  depose other employees of Defendants at random." 978 F. Supp. 2d at 324. In the present
7  case, the United States asserts that it did not receive adequate notice when the affidavit
8  was buried in 156 exhibits offered in opposition to its motion for summary judgment.
9  (Doc. 660 at 5). Finally, in *Coleman v. Keebler Co.*, 997 F. Supp. 1102, 1107 (N.D. Ind.
10 1998), it was "uncontroverted that Keebler became fully aware of the identities of [the
11 witnesses] at the latest during [another witness's] deposition." 997 F. Supp. at 1107. The
12 Court finds these cases unpersuasive.

13 Accordingly, the Court concludes that Plaintiffs timely disclosed the subjects of
14 Mr. Ishida's testimony only with respect to topics 4 and 6.

### C. Kobuna

16 The United States objects to Ms. Kobuna's testimony with respect to topics 2, 4, 6,
17 and 7. As with Mr. Ishida, Plaintiffs attached an affidavit of Ms. Kobuna in opposition to
18 the United States' 2006 motion for summary judgment. *See* (Doc. 501-2 at 18). Unlike
19 Mr. Ishida, however, Plaintiffs never listed Ms. Kobuna as testifying to topics 4 and 6 in
20 their May 4, 2006 disclosure statement. For the same reasons discussed with respect to
21 Mr. Ishida, the Court concludes that Plaintiffs have not timely disclosed the subjects of
22 Ms. Kobuna's testimony with respect to topics 2, 4, 6, and 7.

### D. Taniuchi

24 As with Mr. Ishida, the United States objected to topics 2, 4, 6, and 7 of Mr.
25 Taniuchi's testimony before withdrawing its objection to topic 7. Plaintiffs' May 4, 2006
26 disclosure statement listed the same opinions and bases for opinion for Mr. Taniuchi as it
27 did for Mr. Ishida. Plaintiffs also attached Mr. Taniuchi's affidavit in opposition of the
28 United States' 2006 motion for summary judgment. *See* (Doc. 501-2 at 22).

1 Consequently, the Court finds for the same reasons discussed concerning Mr. Ishida that Plaintiffs timely disclosed Mr. Taniuchi's testimony with respect to topics 4 and 6, but not 2.

### E. Mukaitani

The United States objects to Mr. Mukaitani's testimony with respect to topics 2, 4, 6, and 7. *See* (Doc. 660 at 2). Plaintiffs argue Mr. Mukaitani's testimony was properly disclosed, and rely upon a May 31, 2013 written disclosure of Mr. Mukaitani as a damages witness in which they stated that he will testify "similarly to the other FLPJ employees and distributors previously identified by Plaintiffs and deposed in Hawaii by Mr. Role. That is, he will testify, *inter alia*, as to the media reports about FLPJ in October 1997, his opinion as to the source of the reports, his knowledge of the Simultaneous Examination prior to the media reports, the impact of the media reports on FLPJ in 1997 through the present time, and the damages caused by the media reports." (Doc. 659-1 at 48).

This disclosure placed the United States on notice of Mr. Mukaitani's proposed testimony with respect to topics 2, 4, 6, and 7 because each of these topics is fairly encompassed within Plaintiffs' disclosure.

### F. Fujikawa

The United States objects to Ms. Fujikawa's testimony with respect to topics 2, 4, 6, and 7. *See* (Doc. 660 at 2). As with Mr. Ishida, Plaintiffs attached her affidavit in opposition to the United States' 2006 motion for summary judgment. *See* (Doc. 501-3 at 5). Unlike Mr. Ishida, however, Plaintiffs never listed Ms. Fujikawa as testifying to topics 4 and 6 in their May 4, 2006 disclosure statement. For the same reasons discussed with respect to Mr. Ishida, the Court concludes that Plaintiffs have not timely disclosed the subjects of Ms. Fujikawa's testimony with respect to topics 2, 4, 6, and 7.

## IV. Remedy for Untimely Disclosure

The remaining issue is the appropriate remedy for Plaintiffs' failure to timely disclose. Rule 37(c)(1) mandates exclusion of the witnesses unless the failure to disclose

- 8 -

1 was harmless. The Court concludes the failure was not harmless. Turning to the first
2 factor enumerated in *Lanard Toys*, the Court finds Plaintiffs' non-disclosure created
3 substantial prejudice to the United States because Plaintiffs have surprised the United
4 States on the eve of trial with these witnesses, whom the United States had no reason to
5 previously depose because it did not reasonably anticipate Plaintiffs would call them at
6 trial.

7 As to the second factor, the ability of the United States to cure the prejudice, the
8 Court finds this factor weighs strongly against Plaintiffs because the United States cannot
9 cure its prejudice absent the Court resetting the trial date and reopening discovery, which
10 the Court will not do at this late juncture. Thus, the United States would have no choice
11 but to proceed to trial without having deposed these witnesses on the specific topics of
12 testimony Plaintiff now proposes to offer. For these same reasons, the third factor, the
13 likelihood of disruption of the trial, also favors the United States because proceeding to
14 trial without having previously deposed these witnesses is likely to interfere with the
15 smooth functioning of the trial process.

16 The fourth factor, bad faith or willfulness involved in the untimely disclosure,
17 favors Plaintiffs because there is no evidence that they acted in bad faith or willfully
18 failed to disclose the proposed subjects of testimony. The Court is mindful that in a case
19 of this magnitude it is difficult to manage all of the moving parts, but also it is precisely
20 for this reason that formal disclosures are even more important.

21 The Court concludes that exclusion of the subjects of testimony is the appropriate
22 sanction for Plaintiffs' failure to disclose as required under Rule 26(a) and 26(e). *See* Fed.
23 R. Civ. P. 37(c)(1); *cf. Quevado v. Trans-Pacific Shipping, Inc.*, 143 F.3d 1255, 1258 (9th
24 Cir. 1998).

25 **V. Conclusion**
26 For the foregoing reasons,
27 **IT IS ORDERED** that Plaintiffs' witness Ishida may not testify at trial regarding
28 proposed topic of testimony 2 (as listed in Doc. 669 at 103).

1      **IT IS FURTHER ORDERED** that Plaintiffs' witness Kobuna may not testify at
2 trial regarding proposed topics of testimony 2, 4, 6, and 7 (as listed in Doc. 669 at 104).
3      **IT IS FURTHER ORDERED** that Plaintiffs' witness Taniuchi may not testify at
4 trial regarding proposed topic of testimony 2 (as listed in Doc. 669 at 102).
5      **IT IS FURTHER ORDERED** that Plaintiffs' witness Fujikawa may not testify at
6 trial regarding proposed topics of testimony 2, 4, 6, and 7 (as listed in Doc. 669 at 105).
7      Dated this 11th day of July, 2014.

James A. Teilborg
Senior United States District Judge