WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aloe Vera of America Incorporated, et al., | No. CV-99-01794-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

Pending before the Court is the United States' Motion to Strike Plaintiffs' Response to Defendant's Objections to Plaintiffs' Bill of Costs and Request for Hearing and Supporting Memorandum of Points and Authorities. (Doc. 717.)  The Court now rules on the motion.

**I.    BACKGROUND**

On February 11, 2015, the Court entered a final judgment in this case in favor of three Plaintiffs.  On February 27, 2015, sixteen calendar days after the Court entered judgment, Plaintiffs filed their Bill of Costs with the Clerk of the Court. (Doc. 713.)  On March 9, 2015, Defendant filed its objections to Plaintiffs' Bill of Costs, asserting that the Court should deny Plaintiffs' Bill of Costs as untimely filed. (Doc. 715 at 2.)  On March 25, 2015, Plaintiffs filed a response to Defendant's objections, claiming that under Federal Rule of Civil Procedure 6 ("Rule 6"), specifically Rule 6(d), Plaintiffs were entitled to an additional three days to file their Bill of Costs. (Doc. 716 at 2); Fed. R. Civ.

P. 6(d). On March 26, 2015, Defendant filed a motion to strike Plaintiffs' response, claiming that Plaintiffs were not entitled to file a response. (Doc. 717 at 1-2.)

## II. LEGAL STANDARD

The prevailing party in a civil action is entitled to costs associated with that action. Fed. R. Civ. P. 54(d)(1); *see also* 26 U.S.C. § 7431(c)(2) (the specific rule for wrongful disclosure cases). Local Rule of Civil Procedure 54.1 ("Local Rule 54.1") provides:

> A party entitled to costs shall, within fourteen (14) days after the entry of final judgment, unless time is extended under Rule 6(b), Federal Rules of Civil Procedure, file with the Clerk of Court and serve upon all parties, a bill of costs on a form provided by the Clerk.

LRCiv 54.1(a). Rule 6(b) permits an extension of time after a showing of good cause if: (1) a party requests an extension before the original time to complete an act expires, or (2) if a party is able to show that it failed to act in a timely manner because of an excusable neglect. Fed. R. Civ. P. 6(b).

## III. DISCUSSION

Ordinarily, the issue of taxation of costs is one for the Clerk of the Court. *See* LRCiv 54.1(b) (". . . the clerk shall have thirty (30) days to tax the costs and allow such items as are properly allowable.") Because Defendant has filed a motion to strike Plaintiffs' response relating to the bill of costs, and this necessarily implicates the taxation of costs, the undersigned judge must consider the taxation issue in ruling on the motion.

### A. BILL OF COSTS

As mentioned above, Local Rule 54.1 required Plaintiffs to file their Bill of Costs within fourteen days from the entry of final judgment. LRCiv 54.1(a). Under Rule 6(a), the deadline for Plaintiffs to file their Bill of Costs was February 25, 2015. Fed. R. Civ. P. 6(a). Plaintiffs' Bill of Costs was filed on February 27, 2015, two days after the deadline. (Doc. 713); LRCiv 54.1(a). Plaintiffs argue that their Bill of Costs was timely filed because Rule 6(d) extends the fourteen-day time period by three days to a total of

seventeen days. (Doc. 716 at 2). Rule 6(d) adds three days for a party to act "[w]hen a party may or must act within a specified time after service." Fed. R. Civ. P. 6(d).

The Ninth Circuit Court of Appeals has held that Rule 6(d) (at the time numbered Rule 6(e)) only applies to a time period after service of notice. *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 930 (9th Cir. 1994). In *Kyle*, the local rule at issue stated that the time period for acting ran "after entry of final judgment." *Id.* at 929. The Ninth Circuit Court of Appeals concluded that Rule 6(d) only applies to a time period running after service of notice and not after an entry of final judgment. *Id.*

Similar to the local rule at issue in *Kyle*, the time period prescribed in Local Rule 54.1 for a party to file a bill of costs is "after entry of final judgment." LRCiv 54.1(a). Therefore, there is no extension of time for Plaintiffs to file their Bill of Costs under Rule 6(d) and Plaintiffs had a total of fourteen days to file. By filing their Bill of Costs sixteen days after entry of final judgment, Plaintiffs' Bill of Costs was untimely filed.[1] Because Plaintiffs were untimely, the Court will deny the Bill of Costs.

### B.    MOTION TO STRIKE

The remaining issue before the Court is whether to grant Defendant's motion to strike Plaintiff's response. A motion to strike may be filed by a party when it "seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." LRCiv 7.2(m)(1). Any document filed with the Clerk of the Court that is not in compliance with the Local Rules may be stricken. *See Derry v. American Brokers Conduit*, No. CV-09-2549-PHX-NVW, 2010 WL 432340, at *1 (D. Ariz. Feb. 2, 2010). Local Rule 54.1 authorizes the filing of a bill of costs and an objection to the bill of costs, but no further documents. LRCiv 54.1. In filing a response to Defendant's objections without leave from the Court, Plaintiffs were not in compliance with the local rules, and the Court will strike Plaintiffs' response from the record.

---

[1] Plaintiffs do not argue that they requested an extension of time or that they failed to act in a timely manner because of excusable neglect under Rule 6(b).

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' Bill of Costs (Doc. 713) is denied as untimely.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiffs' Response to Defendant's Objections to Plaintiffs' Bill of Costs and Request for Hearing and Supporting Memorandum of Points and Authorities (Doc. 717) is granted.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall strike Document 716 from the record.

Dated this 21st day of July, 2015.

James A. Teilborg
Senior United States District Judge